(No. 25631.—)
THE WALLACE GRAIN & SUPPLY COMPANY, Appellant, *vs.*
C. C. CARY, Appellee.

*Opinion filed June 14, 1940.*

H. L. RICHOLSON, and R. A. GREEN, for appellant.

C. B. CHAPMAN, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In 1932, plaintiff, the Wallace Grain & Supply Company, began an action of assumpsit in the circuit court of La Salle county against C. C. Cary. January 24, 1934, plaintiff, in a trial by jury, obtained a verdict for $817.33. No further action was taken by the court or either party until February 9, 1939, when plaintiff moved for judg-

ment on the verdict. The motion was allowed and judgment rendered for the amount of the verdict. Immediately thereafter, defendant moved to vacate the judgment, assigning as grounds that by reason of the lapse of time between the date of the verdict and the rendition of the judgment the court had lost jurisdiction. The motion was overruled and on appeal to the Appellate Court the order of the trial court was reversed and the judgment declared void. A certificate of importance was granted and the case is here for further review.

The judge who presided when the verdict was returned, rendered the judgment. There is nothing in the record to explain the cause of the delay. It does not appear that the rights of either of the parties in any way changed between the day the verdict was returned and the rendition of the judgment. No rights of third parties are involved. Defendant cites and relies upon cases which involve the right to a judgment *nunc pro tunc*. They are not applicable, for plaintiff did not ask for such a judgment and the one rendered was not entered *nunc pro tunc* as of the date of the verdict.

The commencement of the suit stopped the running of the general Statute of Limitations. The case then became a pending action. There is no Statute of Limitations in this State that runs against an action that is pending in a court of record. A ·cause docketed in the court is deemed in law to be pending until the matters in controversy have been finally determined. (*Boone* v. *Boone,* 160 Iowa, 284.) In a case where a verdict has been returned and the rendering of a judgment has been delayed, the cause is pending in the court and continues so until a judgment is rendered on the verdict.

The latter part of section 24 of the Circuit Courts act, (Ill. Rev. Stat. 1939, chap. 37, par. 72.24,) provides that "all causes and proceedings pending and undisposed of in any of said courts at the end of a term shall stand continued till the next term of court." At the end of the

term at which plaintiff obtained his verdict the cause was, by force of the statute, continued to the next term and from term to term until judgment was entered on the verdict. Mere lapse of time between the return of the verdict and the rendition of the judgment would not stay the operation of the statute.

It is contended plaintiff's delay in applying for judgment on verdict was so unreasonable and of such length that his right to a judgment was barred. Mere delay does not work a loss of jurisdiction to render or enter a judgment. (34 C. J. S. 193; *Jerrett* v. *Mahan,* 20 Nev. 89, 17 Pac. 12; *Dusbabek* v. *Bowers,* 43 Pac. (2) (Okla.) 97.) This defense is one of *laches* and may be urged when it appears that the one against whom the action is taken has suffered damage by reason of the delay caused by the other party. There is nothing in this case to show that the defendant suffered any damage or lost any rights by reason of the delay.

No case has been cited and we have been unable to find one in which this court has ever passed directly upon the question presented here. By analogy the holding here is in accord with the order of reversal and remandment entered in *Chicago, Burlington and Quincy Railroad Co.* v. *Wingler,* 165 Ill. 634. In that case an application had been made for a judgment *nunc pro tunc.* This court held the record would not support such a judgment and reversed the judgment of the Appellate Court and remanded the cause to the trial court with directions to grant leave to appellee to apply for a judgment on the verdict. There was a lapse of two years between the date of the verdict and the filing of the opinion in this court.

The plaintiff in this case was entitled to a judgment on the verdict.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Appellate Court reversed, circuit court affirmed.*