William J. Nemanich and Roy C. Anderson, Plaintiffs, v. Long Grove Country Club Estates, Inc., an Illinois Corporation, Robert J. Anderson, Marian S. Anderson, and "Unknown Owners," Defendants.
Robert J. Anderson, Marian S. Anderson and Long Grove Country Club Estates, Inc., an Illinois Corporation, Counterclaimants-Appellants, v. Roy C. Anderson and William J. Nemanich, Counterdefendants-Appellees.

Gen. Nos. 69–132, 69–133. (Consolidated.)

Second District.
February 2, 1970.

Snyder, Clarke, Dalziel, Holmquist & Johnson of Waukegan, for appellants.

Donald T. Morrison, of Waukegan, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The appellants prosecute this appeal from an order of the Circuit Court of Lake County entered May 21, 1969, that dismissed their amended counterclaim.

On January 20, 1969, the plaintiffs, pursuant to leave of court, filed an amended complaint to foreclose two mortgages on certain lots in Long Grove Country Club Estates. The defendants moved to dismiss the amended complaint on the grounds that there was an appeal pending before this court from a judgment entered in favor of the plaintiff, Roy Anderson, against Long Grove Country Club Estates, Inc. (hereafter called Long Grove) for a breach of a sales contract that involved the same property in the foreclosure. The motion was denied and the defendants answered the complaint and filed a counterclaim that was itself subsequently amended. The original foreclosure suit was eventually dismissed when the amounts due the plaintiffs were paid in full.

The amended counterclaim was brought in seven counts based, for the most part, on the earlier action for breach of contract. That suit had been brought by Roy Anderson and others against Long Grove and Robert Anderson for the breach of a contract to purchase 337 acres of land from the plaintiffs. The complaint alleged, among other things, that Robert Anderson had wrongfully diverted assets from Long Grove to his own use and otherwise mismanaged the corporation to induce a breach of the sales contract and sought judgment against both parties. The trial court in that suit entered judgment against Long Grove in the amount of $252,800 but found that Robert Anderson had previously been absolved from personal liability by an agreement between the parties. Count I of the counterclaim stated that Roy Anderson had thus maliciously prosecuted Robert Anderson in that he knew the allegations as to misuse of corporate funds and personal liability were false and that as

172

a result Robert Anderson was damaged in that he was unable to profitably sell real estate subject to lis pendens and that the threat of a personal judgment impaired his credit and resulted in a substantial loss of income.

Ordinarily, malicious prosecution suits are founded on criminal prosecutions and are not favored in the law. Shelton v. Barry, 328 Ill App 497, 507, 66 NE2d 697. Under Illinois law, an action for malicious prosecution of a civil suit cannot be maintained unless the plaintiff can show some special injury. Caspers v. Chicago Real Estate Board, 58 Ill App2d 113, 118, 206 NE2d 787. The rule has been stated in Schwartz v. Schwartz, 366 Ill 247, p 250, 8 NE2d 668, as follows:

> "[An action] for malicious prosecution of a civil suit without probable cause cannot be maintained where the action upon which it is grounded is an ordinary civil action, begun by summons and not accompanied by arrest of the person or seizure of his property, or by special injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action. . . . The ground for the rule is, that courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon courts to determine such rights."

Although Count I does allege the other necessary elements of an action for malicious prosecution, it clearly lacks any allegations of special injury. The fact that Roy Anderson filed a lis pendens notice and that Robert Anderson's credit was impaired as a result of the pending litigation could not be construed as ". . . special injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action." Accordingly, we conclude that Count I of the amended counterclaim was fatally defective and properly dismissed by the trial court.

Count II charged that Roy Anderson was guilty of abuse of process in the earlier action. Judgment had been entered against Long Grove on March 25, 1968, and execution issued on April 2. After post-trial motions were denied, a notice of appeal was filed on May 23 and on June 4 the trial court entered an order that extended the period to file a supersedeas bond to July 15. Long Grove alleged that Roy Anderson did on June 27 ". . . with malicious intent, and with an ulterior purpose" cause a notice of sheriff's sale to be posted on their place of business and serve citations to discover assets on other creditors to induce the holders of other mortgages to commence foreclosure.

██ ██ An action for abuse of process can only be maintained where there is an ulterior purpose and the process is used in a manner that is not proper in the regular prosecution of the proceeding. Ammons v. Jet Credit Sales, Inc., 34 Ill App2d 456, 462, 181 NE2d 601. Count II does contain sufficient allegations as to the first element in that it states that the process was used to induce other creditors to harass the defendants and force the loss of their property. The appellants contend further that the use of the notice and citations was clearly improper since they were issued after the notice of appeal had been filed and before the expiration of the time period in which they were permitted to perfect supersedeas. Although they are unable to cite any authority, the appellants argue that the only logical interpretation of Supreme Court Rule 305 (Ill Rev Stats 1967, c 110A, par 305) is that a notice of appeal of itself operates as a supersedeas until the expiration of the time in which the supersedeas is to be perfected.

Paragraph (a) of Rule 305 states:

"Supersedeas in the Trial Court. An appeal operates as a supersedeas if the notice of appeal is filed within 30 days after the judgment appealed from be-

174

comes final and if within that 30-day period, or any extension of time provided for in this paragraph, a bond in a reasonable amount to secure the appellee is approved by the circuit court and filed."

■ The contention of the appellants contradicts the clear language of the Rule that an appeal operates as a supersedeas only if filed within 30 days *and* a bond is filed and approved. If execution or other supplementary proceedings are commenced within the 30-day period, or extensions, an appellant need only utilize the remedies provided in section 70 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 70) to quash the proceeding as was in fact done in this case.

Since it is not contended that either the notice of sheriff's sale or the citations were otherwise improper, we perforce must agree that Count II was properly dismissed since it failed to state a cause of action.

Count III charged that the counterdefendants were guilty of malicious and wrongful impairment of property in that on April 4, 1968, they filed a separate suit in the nature of a creditor's bill to set aside various conveyances made by Long Grove on the grounds that the conveyances were made without consideration and to hinder the collection of the judgment obtained March 25, 1968, in the breach of contract action. The appellants argue that at the time the second suit was instituted the judgment was not final and that it was brought to prevent the sale of other real estate owned by Long Grove and to induce the foreclosure of mortgages held by other creditors. In support of this claim, the appellants rely solely on the case of Ammons v. Jet Credit Sales, Inc. cited earlier.

In the Ammons case, a void garnishment demand was made upon the plaintiff's employer prior to the entry of any judgment. The trial court dismissed a multicount complaint on the grounds that none of the counts stated a cause of action. On appeal, the court of review ex-

175

pressed favor with a count based on malicious and wrongful impairment of property in that the plaintiff's employment was jeopardized and credit impaired as a result of the defendant's action but affirmed the trial court on the basis that the demand was void on its face and not actionable.

█ █ There appears to be little or no similarity between the Ammons case and the facts before us. There is no authority cited for the contention that the counterdefendants were precluded from the commencement of any other action until post-trial proceedings were concluded, notice of appeal filed and supersedeas perfected. The tort of malicious and wrongful impairment of property, like any other tort, must be based on the commission of a civil wrong. Since it does not appear in Count III that the counterdefendants had committed a wrong, their alleged motives are irrelevant.

Count IV is likewise called malicious and wrongful impairment of property but more properly should be designated malicious interference with contract since it appears to be based on an alleged interference with Long Grove's business relations with Chicago Title & Trust Company. On August 16, 1968, a supersedeas of the judgment entered in the earlier action was perfected with this court that required Long Grove to deposit the sum of $1,600 with the clerk for each lot sold by it. A writ issued by the clerk of this court provided that the appeal was made a supersedeas and was "to operate as a suspension of the execution of the judgment . . . and is to be obeyed by all concerned." Count IV alleges that the counterdefendants, in violation of the supersedeas order and writ, did represent to Chicago Title and Trust that the judgment lien was not removed and as a consequence it was necessary to make additional indemnification deposits to have title insured to property sold by Long Grove. They ask that the court issue an injunction requiring the counterdefendants to execute "all waivers

of judgment liens which shall be requested by Chicago Title and Trust Company in connection with the sale of lots under the procedures established by the Second District, Appellate Court" and for actual and punitive damages.

Although the appellants' position on this point is not clear or supported by any authority, they apparently contend that the supersedeas created a duty on the counterdefendants to waive or release any lien rights created by their judgment. This interpretation would greatly expand the accepted definition of a supersedeas which generally operates against the enforcement of a judgment and not against the judgment itself. Gumberts v. East Oak Street Hotel Co., 404 Ill 386, 389, 88 NE2d 883. The purpose of a supersedeas is to stay all future proceeding and to restrain an appellee from affirmative action to enforce his judgment but does not impair the validity or effect of the judgment itself. Western United Dairy Co. v. Miller, 40 Ill App2d 403, 412, 189 NE2d 786. In any event, we are unable to perceive how the counter-defendants are involved in the policy of Chicago Title and Trust Company in regard to the insurance of the title to the lots owned by Long Grove. Certainly there is nothing in the order of this court that could, even by implication, impose the duty on the counterdefendants to execute waivers or other documents as requested by Chicago Title. Therefore, we agree that Count IV did not state a cause of action and was vulnerable to a motion to dismiss.

In Count V Robert Anderson charged Roy Anderson with the intentional infliction of emotional distress. It is alleged that Robert was the president and majority shareholder of Long Grove at the time the notice of sheriff's sale was posted on their place of business, the citations were served on other creditors and the interference with the sale of their property occurred. As a result of these deliberate acts and the representations

177

that he was near bankruptcy, Robert Anderson states that he "suffered severe mental pain and anguish, feared the loss of his personal assets, was embarrassed by business acquaintances, was impaired in the conduct of his usual and normal business, and lost large sums of money."

Count V is based on the case of Knierem v. Izzo, 22 Ill2d 73, 174 NE2d 157, wherein the Supreme Court recognized the intentional infliction of emotional distress as actionable even where no physical injuries were present. In that case, the defendant threatened to the plaintiff that he would kill her husband and fulfilled the threat. The court concluded that the plaintiff had a cause of action even though she suffered no bodily, but only mental or emotional, suffering.

The Knierem case is not applicable here since, as we have discussed, the countercomplaint fails to allege the commission of a civil wrong by the counterdefendants. Since we have concluded that there was no basis for an action for malicious prosecution, abuse of process, or the other alleged torts, the mental distress or anguish of Robert Anderson is of no significance. Caspers v. Chicago Real Estate Board, supra.

Counts VI and VII for slander of title and trespass to real property respectively were dismissed without prejudice by the trial court. Since they were not included in the original counterclaim, their addition by amendment was a matter of discretion with the trial court and will not be reviewed except for manifest abuse. Lowrey v. Malkowski, 20 Ill2d 280, 285, 170 NE2d 147. We find no such abuse in this instance.

For the reasons stated, the order of the trial court should be affirmed.

Affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.