348 So.2d 51 (1977)
Charles A. FINKEL, Appellant,
v.
SUN TATTLER COMPANY, INC., a Florida Corporation, et al., Appellees.
No. 76-1409.
District Court of Appeal of Florida, Fourth District.
July 1, 1977.
Rehearing Denied August 10, 1977.
Quentin V. Long, Long & Finkel, P.A., Hallandale, for appellant.
*52 Harold B. Wahl, Wahl & Gabel, Jacksonville, and Hugh S. Glickstein, Glickstein, Rubin & Rubinchik, Hollywood, for appellees.
PER CURIAM.
It is undisputed and well settled that the Supreme Court of the United States has established a dual standard in libel and slander cases  one standard applicable to public officials or public figures  another standard applicable to private individuals. (New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)).
No useful judicial purpose would be served to embark upon a discourse regarding the relative merits of such duality or the privileges resulting therefrom. Suffice it to say, such a distinction exists and we apply the applicable law relating thereto.
Accordingly, based upon our understanding of New York Times v. Sullivan, supra, and its progeny, it appears that the appellant is a public official or public figure by virtue of his former status as city attorney and his current activities relating thereto or emanating therefrom. See also Gertz v. Welch, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966). Therefore the New York Times v. Sullivan "actual malice" standard is the applicable rule by which to measure accountability of appellee for any alleged libel.
Having so concluded, it does not necessarily follow that a summary judgment on this legal proposition is dispositive of the entire cause. In our opinion there exist genuine issues of material fact with respect to the presence or absence of malice on the part of the appellee which preclude the entry of summary judgment. See Firestone v. Time, 231 So.2d 862 (Fla. 4 DCA 1970) cert. den. 237 So.2d 754 (Fla. 1970).
Under such circumstances, any litigant, whether public official or private individual, is entitled to a trial on the merits of his or her claim. Our traditional sense of justice and fair play demands no less, particularly where one's reputation or good name is alleged to have been impugned. The free speech protections of the First Amendment and the right of access to our courts under the Florida and United States Constitutions can be properly recognized, balanced and preserved in the sunshine of a trial on the merits.
Affirmed, in part; reversed, in part, and remanded.
MAGER, C.J., and DAUKSCH, J., and KANEY, FRANK N., Associate Judge, concur.