356 So.2d 377 (1978)
Dennis BURCHELL, Appellant,
v.
Charles BECHERT, II, Appellee.
No. 77-27.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Rehearing Denied April 12, 1978.
Harry G. Carratt, of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellant.
*378 John R. Gillespie, Jr. and Jon E. Krupnick, of Krupnick & Campbell, P.A., Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal from a summary judgment entered against the appellant, Dennis Burchell, who was the plaintiff in a malicious prosecution action. We reverse.
Burchell was twice sued by the appellee, Charles Bechert, II, for fraud and misrepresentation. Bechert took successive voluntary dismissals in both actions, the final dismissal resulting in an adjudication on the merits against Bechert. Thereafter, Burchell brought this malicious prosecution action against Bechert. At the heart of the dispute is a claim by Bechert that Burchell made certain fraudulent misrepresentations to him. Burchell denies that he made the statements in question and claims that Bechert's lawsuits for fraud were only brought to force the payment of a debt which Burchell did not owe. In addition to denying the allegations of Burchell's suit, Bechert asserted the advice of counsel as an affirmative defense.
In an order entered on a petition for rehearing the trial court indicated that one of the grounds upon which he entered summary judgment was on the defense of advice of counsel. Bechert claimed that all he did was go to his attorney, disclose all he knew about the matter, and then his attorney made the decision to file the lawsuits for fraud and misrepresentation. To establish the defense of advice of counsel a party must establish that he made a full and honest disclosure to his attorney of all relevant facts known to him at the time. Glass v. Parrish, 51 So.2d 717 (Fla. 1951). Here, Bechert is conceded to have advised his attorney that Burchell made certain statements to him. Burchell denies having made those statements. In other words Burchell claims that Bechert did not tell his attorney the truth about the alleged statements. If Burchell is proven correct, then Bechert could not have made a full and honest disclosure to his attorney. Paulk v. Buczynski, 106 So.2d 100 (Fla.2d DCA 1958). This factual dispute precluded the entry of a summary judgment on the defense of advice of counsel.
Bechert also claims that there is no proof in the record as to several elements of a malicious prosecution action. The elements of such an action are set out in Tatum Bros. Real Estate & Investment Company v. Watson, 92 Fla. 278, 109 So. 623 (1926):
"An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action."
As to the first two elements, there is no question but that Bechert instituted the two fraud actions against Burchell.
On the issue of whether or not those actions resulted in a bona fide termination in favor of Burchell, we believe that Fla.R. Civ.P. 1.420(a)(1) forms a sufficient basis to support that claim:
Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
Bechert was on notice of this rule when he dismissed his second successive action against Burchell and the dismissal operated as an adjudication upon the merits of Bechert's claim.
Whether or not Bechert had probable cause to sue Burchell depends at least in part upon whether or not Burchell made the statements alleged by Bechert to form the basis of his suits. That factual conflict *379 precluded a summary judgment on this issue as well as the advice of counsel issue. Likewise, we believe the issue of malice depends at least in part on the resolution of this same factual issue. While malice is a separate element from probable cause, the existence of malice may be inferred from the same circumstances which establish a lack of probable cause. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977), Case No. 50,723, Opinion filed December 8, 1977.
As to damages, there is evidence in the record of the amount of attorney's fees incurred by Burchell in defending Bechert's lawsuits. There is also authority that a malicious prosecution is actionable per se; that is that some damage is necessarily caused by the wrongful prosecution itself and does not require specific proof as to amount. Adler v. Segal, 108 So.2d 773 (Fla.3d DCA 1959).
Accordingly, the judgment of the trial court is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.
WEAVER, SIDNEY M., Associate Judge, concurs.
CROSS, J., concurs specially, with opinion.
CROSS, Judge, concurring specially:
I concur with my brethren. However, I hasten to point out that the question of whether the voluntary dismissal of a prior action amounts to a termination of the prior proceeding in favor of the claimant so as to satisfy the requisites of an action for malicious prosecution often is an issue of fact which must be proved from a consideration of the circumstances underlying the claim. The Savage Is Loose Company v. United Artists, 413 F. Supp. 555 (S.D.N.Y. 1976).
I doubt that a mere reference to a rule of procedure, such as Fla.R.Civ.P. 1.420(a)(1) which provides that the taking of a second voluntary dismissal acts as "an adjudication on the merits" amounts to a per se satisfaction of the requirement that the prior proceeding be terminated in favor of the complaining party. It is obvious that one of the purposes of this "legal termination" requirement is to establish a groundwork for showing that no probable cause existed for the institution of the prior proceedings. I question whether the voluntary dismissal of an action can logically be said to establish that there was no probable cause to file the former suit. Moreover, involuntary dismissal based on other procedural grounds, such as actions barred by a statute of limitations or ones brought about by the failure of counsel to comply with the appropriate rules or other orders of court, even though properly characterized as adjudications on the merits, should not be relied upon to establish prima facie lack of probable cause. In such cases, these matters merely provide some evidence which may or may not be relevant to a factual determination of whether or not the prior proceeding terminated in favor of the claimant. Hernon v. Revere Copper & Brass, Inc., 363 F. Supp. 96 (E.D.Mo. 1973); Kurek v. Kavanagh et al., 50 Ill. App.3d 1033, 8 Ill.Dec. 805, 365 N.E.2d 1191 (Ill. 3d DCA 1977); Siegel v. City of Chicago, 127 Ill. App.2d 84, 261 N.E.2d 802 (Ill. 1st DCA 1970).
With this clarification, I concur with the majority's opinion.