384 So.2d 229 (1980)
William T. COLEMAN, Jr., Paul Chell, Ronald A. Scott, Donald E. Ewing, Philip E. Sherman, Martha Maroska, Peter Maroska and Jane Thompson, Appellants,
v.
Palmer W. COLLINS, Pierce Wood, et al., Appellees.
No. 77-2542/NT4-81.
District Court of Appeal of Florida, Fifth District.
May 28, 1980.
Rehearing Denied June 30, 1980.
*230 James S. Cheney, Melbourne, for appellants.
Robert T. Westman of Stromire, Westman & Lintz, Cocoa, for appellees.
BERANEK, JOHN R., Associate Judge.
Defendants, William Coleman, Paul Chell, Ronald Scott, Donald Ewing, Martha Maroska, Peter Maroska, and Jane Thompson, appeal from various separate final judgments awarding plaintiff/appellee, Palmer W. Collins, compensatory and punitive damages for defamation and malicious prosecution. Appellants contest, among other things, the sufficiency of the evidence to prove defamation, and the court's instruction to the jury regarding malicious prosecution. We reverse.
In November of 1970, Mr. Collins bought a piece of property on the corner of Bahama Drive and South Patrick Drive in Indian Harbour Beach, Florida. Prior to acquiring title, Mr. Collins and his grantor agreed to deed a 20 foot strip of the property to the City of Indian Harbour Beach. The City, however, refused to accept title unless the deed included a reverter clause stating that if the City did not maintain the property as a park, title would revert to Mr. Collins.
On December 1, 1970, Mr. Collins was appointed City Attorney for the City of Indian Harbour Beach, a key factor in this case. He conveyed the 20 foot strip to the City on December 30, 1970, including the required reverter clause in the deed. No problems arose until July 3, 1974, when Mr. Collins announced at a Planning and Zoning Board Meeting attended by the city council that he intended to invoke the reverterclause because the City was not maintaining the property. Approximately ten days later, Peter Chell, an Indian Harbour Beach resident, wrote an "urgent memo" to other Indian Harbour Beach residents alerting them of Mr. Collins' proposed action. The memo stated in pertinent part:
In turn it is now revealed by City Attorney Palmer Collins that he didn't give title to the north property "free and clear" but that he apparently sneakyly (sic) put in a revoking clause in the deed, which might allow him at a future date to regain title to the property.
* * * * * *
4. That we question the ethics of the action of the City Attorney in this case and that we question his fitness to continue to hold that office since he has an obvious conflict of interest which he does not appear to be properly handling. (Emphasis supplied.)
Mr. Chell delivered the memo to Martha Maroska, who distributed it to the residents.
On December 2, 1974, two town residents, William Coleman and Ronald Scott, sued Mr. Collins to recover the property. The trial court entered a final judgment in Mr. Collins' favor on March 28, 1975. Philip Sherman, a/k/a Sherman Philips, Jane Thompson and Donald Ewing, via their attorney, Pierce Wood, filed a second suit on March 10, 1975, against Mr. Collins to recover the 20 foot strip, with the court again finding for Mr. Collins. Edward Truex filed a third suit against Mr. Collins on December 19, 1975, this time seeking to enjoin him from acting as City Attorney. Mr. Collins won this suit, also.
Mr. Collins subsequently sued the various people mentioned above for defamation and malicious prosecution. On the malicious prosecution count, the jury awarded Mr. Collins $1000 in punitive damages against Jane Thompson, $1000 in punitive damages against Donald Ewing, $2000 in punitive damages against Edward Truex, and $2500 in compensatory damages against William *231 Coleman, Ronald Scott, Donald Ewing, Edward Truex, Philip Sherman, and Jane Thompson, jointly and severally. On the defamation count, the jury awarded Mr. Collins $10,000 in punitive damages against Martha Maroska, $20,000 in punitive damages against Peter Chell, and $2500 in compensatory damages against Martha Maroska, Peter Maroska, and Paul Chell, jointly and severally.
The facts of this case indicate that plaintiff/appellee was a public official; therefore, the case is governed by New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Counsel for the plaintiff conceded this before the trial court, and the decision of this Court in Finkel v. Sun Tattler Company, Inc., 348 So.2d 51 (Fla. 4th DCA 1977), cert. den., 358 So.2d 135 (Fla. 1978), so holds. Palm Beach Newspapers, Inc. v. Early, 334 So.2d 50 (Fla. 4th DCA 1976), cert. den. 354 So.2d 351 (Fla. 1977), cert. den. 439 U.S. 910, 99 S.Ct. 277, 58 L.Ed.2d 255 (1978), traces the evolution of defamation of public officials and is directly pertinent. As established in the New York Times case, a constitutional privilege regarding public criticism of officials such as the plaintiff exists:
"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with `actual malice'  that is, with knowledge that it was false or with reckless disregard of whether it was false or not." Palm Beach Newspapers, Inc. v. Early, supra, 51, citing New York Times Company v. Sullivan, supra, 376 U.S. at 279-80, 84 S.Ct. at 726.
Early details the elements of the plaintiff's cause of action as follows:
It thus appears that under the present state of the law concerning an action for libel by a public official, the plaintiff has the burden of showing by clear and convincing evidence that the defamatory statement was (1) a statement of fact, (2) which was false, and (3) made with "actual malice"  that is, with knowledge that it was false or with reckless disregard of whether it was false or not. We conclude from our examination of the briefs and those portions of the record to which our attention has been directed, that the plaintiff/appellee did not meet that burden as is illustrated by the following sampling of the various articles of which plaintiff complained. Palm Beach Newspapers, Inc. v. Early, supra, 52.
Appellants contend the alleged defamatory publication was not a statement of fact and that there was insufficient evidence to demonstrate "actual malice." Appellee counters that the defendants accused him of "sneakily" inserting the reverter clause and that they questioned his ethics. Again, the Early decision is applicable. There we analyzed the particular publications alleged to be defamatory and stated as follows:
Plaintiff/appellee complained that the defendants characterized his tenure in office as unsuccessful, and stated that he was unfit to hold the office of Superintendent of Public Instruction because of his ineptness, incompetence and indecisiveness. All of these charges were clearly matters of opinion, not statements of fact, and were proper subject of comment on a public official's fitness for office. (Emphasis in original.) Palm Beach Newspapers, Inc. v. Early, supra, 52.
If the characterization of a school superintendent as unsuccessful, inept, incompetent and indecisive, is, as a matter of law, not defamatory, then the characterization of plaintiff as "sneaky" is not defamatory. Further, the mention of ethics in regard to plaintiff and the statement as to his "fitness to continue to hold that office" is within the privilege of criticism of public officials. We hold that the statements here were clearly matters of opinion, not statements of fact, and that, as such, the trial *232 court erred in submitting these issues to the jury under the defamation count.[1]
Appellants attack the verdicts and judgments on the malicious prosecution count on various grounds. We reverse, finding the court's instruction to the jury on this issue erroneous. The instruction in question was as follows:
I instruct you as a matter of law that all of the lawsuits against Palmer W. Collins were terminated in his favor in the nature of all of the judgments entered in his favor, evidence of fact that there was no legal precedent for such lawsuits and consequently no probable cause... . It is not necessary to prove actual malice in order to recover for malicious prosecution. Only legal malice is necessary... . The legal malice necessary to support an award of compensatory damages in such a case may be inferred solely from a want of probable cause.
Plaintiff theorized that the three lawsuits brought by citizens against him were without probable cause and, maliciously prosecuted, resulting in damage to him.
The elements of a cause of action for malicious prosecution are stated in Fee, Parker and Lloyd, P.A. v. Sullivan, 379 So.2d 412, 414-415 (Fla. 4th DCA 1980):
It is well settled in Florida that an action for malicious prosecution lies where there is a concurrence of the following elements: (1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff. Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931); Tatum Brothers Real Estate and Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Burchell v. Bechert, 356 So.2d 377 (Fla. 4th DCA 1978).
The instruction given in the instant case had the effect of telling the jury that there was no probable cause as a matter of law for the bringing of the initial suits because of the termination of the suits in plaintiff's favor. The jury was further told that, solely from this fact, malice could be inferred. This instruction was erroneous and tantamount to the grant of a directed verdict in plaintiff's favor. We, therefore, conclude the trial court erred in instructing the jury on the malicious prosecution count. Accordingly, the judgments are reversed.
This cause is remanded to the trial court with instructions to enter a directed verdict in favor of the defendants on the defamation count. The malicious prosecution count is remanded for purposes of new trial.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD, HARRY L., and DAKAN, STEPHEN LEE, Associate Judges, concur.
NOTES
[1] Although not necessary to this decision, we note that the requirement of proof of actual malice "with convincing clarity" has not been met. See Cape Publications, Inc. v. Adams, 336 So.2d 1197 (Fla. 4th DCA 1976), cert. den. 348 So.2d 945 (Fla. 1977), cert. den. 434 U.S. 943, 98 S.Ct. 440, 54 L.Ed.2d 305 (1977).