## SMITH v. TAYLOR COUNTY PUBLISHING CO., INC., et al.

No. 81-2876

Circuit Court, Leon County

March 10, 1982

C. Gary Williams, Michael J. Glazer for defendants, Taylor County Publishing Company, Inc. Alma E. Tapers and Doris Morgan.

Arthur C. Beall, Jr. and Richard B. Davis, Jr. for defendant, Live Oak Publications d/b/a *The Perry News Herald.*

W. Crit Smith, for plaintiffs.

JOHN A. RUDD, Circuit Judge.

THIS CAUSE is before the Court on the Motions to Dismiss filed by Defendants. The Court, having considered the Complaint, the Motions to Dismiss, the memoranda and legal arguments made by the parties, and being otherwise fully advised in the premises, hereby makes the following findings:

## RELEVANT FACTS

The Plaintiffs are Kenneth B. Smith and Elizabeth J. Smith, the owners of Taco Printers, Inc., which publishes a newspaper of general circulation in Taylor County, Florida, known as The Taco Times. The Defendants are Taylor County Publishing Co., Inc., Live Oak Publications, Inc., d/b/a The Perry News Herald, Alma E. Tapers and Doris Morgan. Taylor County Publishing Co., Inc. is the former owner and Live Oak Publications, Inc. is the present owner of the newspaper in general circulation in Taylor County, Florida known as the Perry News-Herald. Defendants, Tapers and Morgan, at all times material hereto, were the publisher and editor, respectively, of the Perry News-Herald.

The Complaint attempts to state a cause of action for libel and alleges that portions of three articles libeled the Plaintiffs. One article was a "Letter to the Editor" written by Buddy Sadler and appearing in the Perry News-Herald on December 18, 1980. This letter expressed the author's views about The Taco Times. Plaintiffs claim that three sentences in the letter are defamatory.

The second article complained of is a news story appearing in the Perry News-Herald on December 24, 1980, reporting on an incident involving Kenneth Smith and Sadler. The article contained a report of an altercation between Smith and Sadler. The article also reported that Smith had been contacted but had refused to comment. Plaintiffs allege that three specific sentences from the article are defamatory.

Finally, on December 24, 1980, the Perry News-Herald published a column written by Editor, Doris Morgan, entitled "Barbs We Ignore, But Physical Violence is Something Entirely Different." The column also dealt with the incident between Smith and Sadler. Plaintiffs claim that the headline and twenty-eight additional clauses from the column are libelous.

Pursuant to the provision of Chapter 770, Florida Statutes, Plaintiffs demanded retractions, but such were not made by Defendants.

## CONCLUSIONS OF LAW

Since this matter is before the Court on Motions to Dismiss, all of the well-pleaded allegations of the ultimate facts in the Complaint must be

accepted as true. *Mueller v. The Florida Bar* 390 So.2d 449 (Fla. 4th DCA 1980); *Ocala Loan Company v. Smith* 155 So.2d 711 (Fla. 1st DCA 1963). However, even accepting the allegations as true, this Court finds, for the reasons explained below, that the statements complained of, and the three articles themselves are not libelous, Plaintiff cannot state a cause of action based on such articles, and the Complaint must be dismissed with prejudice.

The first task for the Court is to determine whether the allegedly defamatory statements complained of are statements of fact or opinion. *From v. Tallahassee Democrat, Inc.*, 400 So.2d 52 (Fla. 1st DCA 1981) *cert. denied,* ____ So.2d ____ (Fla. 1982). If the court finds that the statements are expressions of opinion, such expressions are protected from libel actions by the Constitution. In *Gertz v. Welch,* 418 U.S. 323 (1974), the U.S. Supreme Court held:

> We begin with the common ground. Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries, but on the competition of other ideas.

418 U.S. at 339, 340. *See also, Palm Beach Newspapers Inc. v. Early,* 334 So.2d 351 (Fla. 1977), *cert. den.,* 439 U.S. 910 (1978); *Coleman v. Collins,* 384 So.2d 229 (Fla. 5th DCA 1980). In *From,* a libel suit was filed based on an article that appeared in The Tallahassee Democrat about a local tennis pro. In affirming the dismissal of the complaint with prejudice, the First District Court of Appeal held:

> Gertz would indicate that expressions of opinion are privileged and protected by the Constitution. There is, however, a distinction between pure expression of opinion and mixed expression of opinion. Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public. Mixed expression of opinion occurs when an opinion or comment is made which is based upon facts regarding the plaintiff or his conduct that have not been stated in this article or assumed to exist by the parties to the communication.

400 So.2d 57. The Court went on to hold that the statements about From were expressions of pure opinion and absolutely priviledged.

This Court has reviewed the December 19, 1980 letter to the editor, and finds that the letter, and the specific statements complained of by

Plaintiffs, are expressions of pure opinion and, as such, are privileged. It is clear from the letter that the factual basis for Mr. Sadler's opinions is his reading of The Taco Times.

Likewise, the December 24, 1980 column by Doris Morgan is also a priviledged expression of pure opinion. It is clear from reading the column that Mrs. Morgan is expressing her opinion about the incident between Kenneth Smith and Buddy Sadler. The column contains a recitation of the facts upon which her opinions are based. While Plaintiffs may not like what is written, the column is the type of commentary protected by *Gertz* and the cases that have followed.

The December 24, 1980 news story is protected by the neutral reporting priviledge. This priviledge was explained in *Edwards v. National Audobon Society, Inc.,* 556 F.2d 113 (2d Cir. 1977), *cert. den.,* 434 U.S. 1002 (1977). In Edwards, the New York Times reported charges by the National Audobon Society that certain scientists were "paid liars." In holding that a priviledge exists protecting the reporting of those charges, the court held:

> [T]he First Amendment protects the accurate and disinterested reporting of those charges, regardless of the reporter's private views regarding their validity. . . What is newsworthy about such accusations is that they were made. We do not believe that the press may be required under the First Amendment to suppress newsworthy statements merely because it has serious doubts regarding their truth. Nor must the press take up cudgels against dubious charges in order to publish them without fear of liability for defamation. . . The public interest in being fully informed about controversies that often rage around sensitive issues demands that the press be afforded the freedom to report such charges without assuming responsibility for them.

Id. at 120.

The neutral reporting privilege has been applied in this circuit in *Wade v. Stocks,* Franklin County Circuit Court, Case No. 81-26 (October 8, 1981) and the reasoning of *Edwards* and *Wade* is applicable here. The December 24, 1980 article is a disinterested report of a newsworthy event. It is clear that virtually the entire article is simply a reprint of statements made by a police officer and Sadler. The article reports that Kenneth Smith had been contacted and refused to comment. There is no reasonable reading upon which it could be found that this article, or the specific statements complained of are defamatory.

WHEREFORE, for the foregoing reasons, it is

ORDERED and ADJUDGED that the Motions to Dismiss filed by Defendants are hereby granted with prejudice.