GEORGE C. SUTTON, Plaintiff-Appellant, *v.* ALBERT HOFELD *et al.*, Defendants-Appellees.

First District (1st Division)   No. 82—652

Opinion filed August 25, 1983.—Rehearing denied October 20, 1983.

Synek and Bishart, of Chicago (Henry Thrush Synek, of counsel), for appellant.

Charles E. Reiter III, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, George C. Sutton, M.D., filed a two-count complaint against defendants, Albert F. Hofeld, an attorney at law, and Albert F. Hofeld, Ltd., a professional corporation. The issue on appeal is whether plaintiff's complaint sufficiently states a cause of action.

This lawsuit resulted from an earlier suit for medical malpractice which was filed in 1975. In that suit, defendant Hofeld was the attorney for Donald Palmer, the plaintiff. The plaintiff in the instant suit, George C. Sutton, was one of the defendants in the 1975 medical mal-

practice suit, along with the hospital where the death occurred, as well as several physicians and nurses. The 1975 suit sought recovery for the wrongful death of George Ann Palmer, the wife of Donald Palmer. Plaintiff Sutton was dismissed with prejudice from the malpractice suit in 1977, two years after its institution, but prior to trial. No appeal was taken from that dismissal.

Sutton filed this suit in 1979 against defendants Hofeld, Ltd., the corporation, and Hofeld, the attorney, who prosecuted the 1975 malpractice suit. Hofeld moved to strike both counts of plaintiff's complaint. The parties submitted memoranda of law on the motion after which the trial court granted the motion to strike. Sutton then filed an amended two-count complaint.

Count I of plaintiff's amended complaint alleged abuse of process by defendant, and the following was stated in support: (1) that Hofeld filed the 1975 malpractice suit knowing that the allegations pertaining to Sutton were false; (2) that Hofeld committed abuse of process; (3) that Sutton was libeled, slandered and defamed; (4) that Sutton suffered various losses including income of $2,000 and expenditures for legal fees; (5) that Hofeld acted with malice; and (6) that Hofeld's ulterior motive was to force a settlement from plaintiff's insurance carrier. Count II alleged malicious prosecution. Sutton sought total damages of $2,100,000.

Hofeld moved to dismiss plaintiff's amended complaint on the ground that it failed to allege facts sufficient to state a cause of action. Both parties filed memoranda of law on the motion. On February 19, 1982, the trial court granted Hofeld's motion to dismiss the complaint and this appeal followed.

Plaintiff contends that his amended complaint sufficiently stated a cause of action for malicious prosecution and abuse of process since Hofeld admitted the allegations necessary to establish both torts. He argues that Hofeld's motive in filing the medical malpractice suit in 1975 was solely to harass him and to induce payment of damages by his insurance carrier. Additionally, all the necessary elements of malicious prosecution and abuse of process were properly alleged in the amended complaint. Plaintiff concludes that it was erroneous for the trial court to dismiss his complaint.

In support of his contention that his action for malicious prosecution was erroneously dismissed, plaintiff argues that the elements necessary to sustain the cause of action were clearly established by his complaint. We do not agree.

To sustain an action for malicious prosecution, plaintiff must allege and prove (1) the institution of civil proceedings by defendant, (2)

termination of such proceedings in plaintiff's favor, (3) want of probable cause for the proceedings, (4) malice on the part of the defendant in bringing the proceedings, and (5) special injury to plaintiff as a result of the action. *Balthazar v. Dowling* (1978), 65 Ill. App. 3d 824, 826, 382 N.E.2d 1257, 1259.

■ Plaintiff vigorously asserts that the termination of the 1975 malpractice action was in his favor, that there was no probable cause for bringing an action against him in the first place, and that Hofeld acted maliciously. Plaintiff points out that he was dismissed from the 1975 malpractice suit "with prejudice" and that such a dismissal is proof that the cause was terminated in his favor. He explains that the cause was terminated at a pretrial hearing and that "no factual issues" were reached by the trial court.

In *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191, 1194, the court said that termination of a civil suit in favor of the plaintiff must be a judicial determination which deals with the factual issues. Voluntary dismissal, settlement, or even involuntary dismissal are not such terminations. 50 Ill. App. 3d 1033, 1038.

In the earlier case, the trial court never reached the merits of the cause as related to the claim against plaintiff. The record sheds no light on the reason for Sutton's dismissal from the 1975 malpractice suit. We do not believe that the designation "dismissal with prejudice," standing alone, establishes a termination in Sutton's favor.

■ Plaintiff also argues that Hofeld admitted that he knew there was no liability against plaintiff when the 1975 suit was filed. This clearly shows lack of probable cause and implies that Hofeld was maliciously attempting to harass plaintiff.

Plaintiff stated in his brief and during oral argument that Hofeld admitted the allegations necessary to establish malicious prosecution and abuse of process. During oral argument, plaintiff conceded that the "admission" by Hofeld was based on the filing of a motion to dismiss plaintiff's complaint instead of an answer denying the allegations. In other words, plaintiff is saying Hofeld made a constructive admission. We reject this reasoning.

We do not agree with plaintiff that under these facts, Hofeld's filing of a motion to dismiss instead of a denial of the allegations was tantamount to an admission. The very purpose of a court of law is to determine whether an action has merit. We refuse to recognize a rule which would hold a party liable for negligently or even wantonly failing to determine in advance that which only a court can determine. *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 822, 372 N.E.2d 685, 690.

■ Additionally, plaintiff has failed to prove malice on the part of Hofeld by his representation of Donald Palmer in the latter's malpractice suit against plaintiff in 1975. Plaintiff's statement that the suit was brought solely to harass him and that Hofeld knew plaintiff was not liable, standing alone, is insufficient to establish malice.

We note that Hofeld denied that harassment of plaintiff was his purpose. He argued convincingly that the 1975 malpractice suit sought money damages for the torts alleged. The purpose of the suit, *i.e.*, payment of damages, could not be achieved by harassment of plaintiff.

■ Plaintiff next takes issue with the dismissal of his action for abuse of process. He makes similar arguments in support of this claim as was made on the question of malicious prosecution. While there are similarities between both torts, they are not synonymous and each tort requires proof of different elements.

To establish a cause of action in abuse of process, plaintiff must prove (1) an ulterior purpose by defendant in the use of regular court process and (2) the use of regular judicial process for an improper purpose. (*Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191, 1195.) Specifically, the defendant must have intended to use the action to accomplish some purpose which could not be accomplished through the suit. 50 Ill. App. 3d 1033.

In order to determine whether there has been an abuse of process, we must determine whether defendant could have achieved some other purpose by filing the action which could not otherwise be achieved. Plaintiff does not explain how Hofeld could acquire damages from him (by harassment) which could not otherwise be achieved through the suit. Here, the 1975 suit sought damages for the alleged negligence resulting in the death of George Ann Palmer, the wife of defendant's client. Plaintiff does not deny that money damages were sought. He does argue, however, that in addition to seeking damages, Hofeld sought to harass him. Plaintiff does not explain what form the harassment took other than the fact that defendant demanded medical records from plaintiff. Defendant argued that such is proper procedure in a medical malpractice suit.

We agree with defendant that an appropriate use of the legal system is to seek money damages for an alleged wrong. Therefore, plaintiff's argument that the sole purpose of the suit was to force payment of damages by his insurance carrier is without merit. We find no ulterior purpose in seeking money damages as was done here.

■ Furthermore, the mere filing of a lawsuit even with a mali-

cious motive does not constitute an abuse of process. (*Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191, 1195.) Thus, even if we accept plaintiff's argument that Hofeld specifically sought to harass him, that allegation, standing alone, is insufficient to establish a cause of action for abuse of process.

We hold that plaintiff did not sustain his burden of establishing a cause of action in either malicious prosecution or abuse of process. Therefore, the trial court properly dismissed plaintiff's complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.