ROBERT M. ABBEY, Plaintiff-Appellant, v. P. G. RAVINGDRANATHAN *et al.*, Defendants-Appellees.

Fifth District    No. 5—86—0397

Opinion filed August 31, 1987.

Rick L. Hobler, of Mt. Carmel, for appellant.

Paul R. Lynch and Rochelle A. Funderburg, both of Craig & Craig, of Mt. Vernon (Richard F. Record, Jr., of counsel), for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Robert M. Abbey, has perfected this appeal from the judgment of the circuit court of White County which dismissed with prejudice his medical malpractice complaint against defendants, P. G. Ravingdranathan, M.D., and P. G. Ravingdranathan, M.D., Ltd. The complaint was dismissed for failure of plaintiff to file an affidavit with his complaint as required by section 2—622 of the Civil Practice Law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.)

On March 21, 1986, plaintiff filed his complaint consisting of essentially identical counts against each defendant. The complaint alleged that plaintiff saw Dr. Ravingdranathan on four occasions in early 1984, the last being March 21, 1984, and that because of the doctor's improper care, plaintiff went into a diabetic coma on March 22, 1984, resulting in permanent disability.

Section 2—622 of the Civil Practice Law, adopted by Public Act 84—7, was specified to be effective as to cases filed on or after August 15, 1985 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(h)), and was

part of the legislature's attempt to deter frivolous or nonmeritorious medical malpractice lawsuits. (See generally Ill. Ann. Stat., ch. 110, pars. 2—109, 2—622, Historical and Practice Notes, at 21, 71 (Smith-Hurd 1987 Supp.).) Section 2—622(a) provides in pertinent part:

"In any action *** in which the plaintiff seeks damages for injuries or death by reason of *** healing art malpractice, the plaintiff's attorney or the plaintiff *** shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action ***; that the reviewing health professional has determined in a written report *** that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. ***

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

3. That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to (Ill. Rev. Stat. 1985, ch. 110, par. 8—2001, pertaining to inspection of hospital records) and the party required to comply under those Sections has failed to produce such records within 60 days of the receipt of the request." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a).)

At the time of filing the complaint on March 21, 1986, plaintiff did not attach an affidavit pursuant to this section. Subsection (g) of section 2—622 provides that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1985, ch. 110, pars. 2—622(g), 2—619.

On April 16, 1986, defendants filed a motion to dismiss, alleging that the complaint should be dismissed with prejudice on two grounds: (1) because of plaintiff's failure to attach an affidavit to his complaint

as required by section 2—622(a); and (2) because the cause of action was barred by the statute of limitations. The motion also alleged that count two failed to allege sufficient facts to support a recovery under the theory of *respondeat superior*. Plaintiff responded to defendants' motion by challenging the constitutionality of section 2—622.

On May 19, 1986, plaintiff's attorney filed an affidavit stating, *inter alia*, that he was unable to obtain the required consultation before the filing of the complaint because of potential statute of limitations problems and that he had scheduled an appointment with a qualified physician and would file the requisite certificate and report by June 21, 1986, the 90th day after the complaint was filed.

Also on May 19, 1986, a hearing was held on defendants' motion and plaintiff's response thereto. The circuit court rejected plaintiff's constitutional challenges to the statute, denied defendants' motion as it related to the statute of limitations and *respondeat superior*, but granted defendants' motion to dismiss with prejudice for the failure of the complaint to include the requisite affidavit. The circuit court indicated that it was of the opinion that a dismissal pursuant to section 2—619 could not provide for leave to amend.

On appeal, plaintiff continues to challenge the constitutionality of section 2—622, alleging violations of the equal protection and separation of powers doctrines. In the alternative, plaintiff contends that: (1) section 2—622(g) may require dismissal for the failure to file the requisite certificate but does not require dismissal for the failure to file an affidavit; (2) that the failure to file an affidavit under section 2—622 is a pleading defect, subject to amendment under section 2—615, and (3) in any event, section 2—622(g) does not require a dismissal with prejudice.

The "affidavit" and "certificate" required by section 2—622 are different concepts. The affidavit is the statement by plaintiff or his attorney pursuant to subsections (a)(1), (a)(2), or (a)(3). The certificate is the declaration of the reviewing health professional and the affiant (either plaintiff or his attorney) pursuant to subsection (a)(1) that each believes that there is a reasonable and meritorious cause for the filing of the action. We conclude that subsection (g) of section 2—622 does not require dismissal with prejudice for failure to file an affidavit with the complaint and that the circuit court had the discretion to permit the plaintiff to file a late affidavit under subsection (a)(2). See *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 711, 509 N.E.2d 804, 806.

In *Walter*, as here, plaintiff attached to her complaint neither the affidavit of merit under subsection (a)(1) nor the affidavit asserting the inability to comply pursuant to subsection (a)(2). Nevertheless, the

court came to the conclusion "that the legislature did not intend that section 2—622 comprise a further limitation on actions to the extent that section 2—622 would cut off all rights to relief. Rather, section 2—622 only puts a requirement of meritoriousness on the pending suit." (156 Ill. App. 3d 708, 710, 509 N.E.2d 804, 806.) Although the *Walter* court relied on the fact that the affidavit existed at the time the original complaint was filed but was merely inadvertently omitted, the court also went on to reject a strict interpretation of section 2—622 that would require dismissal. The court relied on the provision in the Code of Civil Procedure which provides:

> "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made in relation thereto." (Ill. Rev. Stat. 1985, ch. 110, par. 1—106.)

The court also relied on the principle that, in keeping with the intent to guard the parties' substantive rights, section 2—619 does not require a dismissal with prejudice on the basis of a technical defect in pleading. *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 711, 509 N.E.2d 804, 806, citing *Martin v. Masini* (1967), 90 Ill. App. 2d 348, 232 N.E.2d 770.

We agree with the reasoning set forth in *Walter* and conclude that the circuit court had the discretion to allow plaintiff to file a late affidavit in satisfaction of subsection (a)(2) of section 2—622. As the court stated in *Walter*, "[t]his course of action would have most fully fulfilled the legislative goal of protecting the substantive rights of the parties while at the same time keeping with the spirit of section 2—622 and its purpose of deterring nonmeritorious litigation." *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 711, 509 N.E.2d 804, 806.

Because of our disposition on this issue, we find it unnecessary to consider plaintiff's constitutional issues.

Consistent with the foregoing, the judgment of the circuit court of White County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

KARNS, P.J., and WELCH, J., concur.