DONALD G. RUMER, M.D., Plaintiff-Appellant, v. ZEIGLER COAL COMPANY, Defendant-Appellee.

Fourth District   No. 4—87—0765

Opinion filed April 21, 1988.

Guy C. Hall, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellant.

Ronald L. Lipinski and Sarah A. Biety, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Zeigler Coal Company (Zeigler), failed to amend its third-party complaint against plaintiff, Donald G. Rumer, M.D. (Rumer), in a prior action for medical malpractice. The circuit court of Douglas County dismissed the complaint with prejudice for noncompliance with the healing art malpractice statute. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.) Rumer sued Zeigler in the instant case for malicious prosecution. Rumer appeals the dismissal of his case for failure to state a cause of action. We affirm.

This case arose out of an action filed by Russell Vaught (Vaught) on September 30, 1985, against Zeigler. In part, Vaught alleged Zeigler recklessly and maliciously coerced him to return to work before he had fully recovered from his on-the-job injury. In its answer to Vaught's complaint, Zeigler included a two-count third-party complaint for medical malpractice against Rumer. The third-party complaint sought contribution from Rumer as Vaught's treating physician who certified Vaught could return to work.

Rumer filed and was granted a motion to dismiss the third-party complaint for Zeigler's failure to comply with the pleading requirements of the statute. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.) Specifically, Zeigler did not file an affidavit and written report prepared by a reviewing health professional stating that a reasonable and meritorious reason for filing the cause of action existed.

Zeigler was given leave to file an amended third-party complaint within 21 days. Zeigler elected not to exercise its right to amend and on June 30, 1986, the trial court dismissed the third-party complaint with prejudice. Zeigler did not appeal that decision.

On January 7, 1987, Rumer filed a complaint alleging malicious prosecution by Zeigler. Zeigler filed a motion to dismiss Rumer's complaint for failure to state a cause of action, alleging the dismissal of the third-party complaint for noncompliance with the statute did not satisfy the "favorable termination" element of Rumer's cause of action for malicious prosecution. The trial court agreed and dismissed Rumer's complaint with prejudice. The sole issue on appeal is whether the trial court's dismissal of Zeigler's third-party complaint alleging contribution for medical malpractice constituted a termination of that cause of action in Rumer's favor sufficient to sustain a claim for malicious prosecution.

■ The purpose of the healing art malpractice statute as con-

tained in section 2—622 of the Illinois Code of Civil Procedure (Code) is to eliminate frivolous and nonmeritorious medical malpractice lawsuits at the pleading stage. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622; Ill. Ann. Stat., ch. 110, par. 2—109, Historical and Practice Notes, at 21 (Smith-Hurd Supp. 1987).) Section 2—622 requires an affidavit of merit and written report of an expert be attached to every complaint for medical malpractice to certify there is a legitimate basis for the action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) Failure to comply with this requirement is grounds for involuntary dismissal under section 2—619 of the Code. Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g).

■ To sustain a motion to dismiss for failure to state a cause of action for malicious prosecution Rumer's complaint must have alleged facts which satisfy five essential elements: " '(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.' " (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45, 411 N.E.2d 229, 232, quoting *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475.) Section 2—109 of the Code has eliminated the need to plead or prove special injury in a medical malpractice action. (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—109.) The second, or favorable termination, element is the sole issue in this case.

■ Rumer's position is that under *Goldberg v. Swedish Covenant Hospital* (1987), 160 Ill. App. 3d 867, 869-70, 513 N.E. 2d 919, 920-21, and Supreme Court Rule 273 (87 Ill. 2d R. 273), the dismissal with prejudice of the third-party complaint was an adjudication on the merits terminated in Rumer's favor, rather than a dismissal for want of prosecution as characterized by the trial court. *Goldberg* held a dismissal for noncompliance with section 2—622 should be with prejudice because such a dismissal "constitutes an adjudication on the merits, not a dismissal for lack of jurisdiction or for want of prosecution." (*Goldberg*, 160 Ill. App. 3d at 869-70, 513 N.E.2d at 921.) Rule 273 provides: "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits." 87 Ill. 2d R. 273.

Rumer's reliance on *Goldberg* is misplaced. *Goldberg* does not address the favorable termination element of malicious prosecution actions. Rather, it concludes failure to comply with section 2—622 is

automatic grounds for dismissal with prejudice. Such a conclusion conflicts with several recent Illinois decisions at the appellate and supreme court levels.

The Third District Appellate Court in *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 711, 509 N.E.2d 804, 806, rejected strict construction of section 2—622 and held "section 2—619 does not require a dismissal with prejudice on the basis of a technical deficiency in pleading." The failure to attach the section 2—622 affidavit of merit at the time the complaint was originally filed was merely a minor technical error. In *Abbey v. Ravingdranathan* (1987), 160 Ill. App. 3d 161, 513 N.E.2d 131, the court followed the reasoning in *Walter* and concluded the trial court had the discretion to allow a plaintiff to file a late affidavit in satisfaction of subsection (a)(2) of section 2—622. Finally, this court in *Huff v. Hadden* (1987), 160 Ill. App. 3d 530, 513 N.E.2d 541, held that failure to file an affidavit with the complaint in a medical malpractice case is not automatic grounds for a dismissal with prejudice under section 2—619 of the Code. Ill. Rev. Stat. 1985, ch. 110, par. 2—619.

The recent Illinois Supreme Court decision of *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, affirmed the reasoning in the cited appellate decisions when it held:

"Requiring that section 2—622 dismissals be with prejudice would be a triumph of form over substance. It would elevate a *pleading requirement* designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially failed to comply with its terms. We decline to ascribe such intentions to the legislature." (Emphasis added.) (*McCastle v. Sheinkop* (1987), 121 Ill. 2d at 193.)

Accordingly, we hold the dismissal for Zeigler's failure to comply with the pleading requirements of section 2—622 did not constitute an adjudication on the merits of the third-party complaint.

■ Similarly, we reject Rumer's reliance on Supreme Court Rule 273. In *March v. Cacioppo* (1962), 37 Ill. App. 2d 235, 246-47, 185 N.E.2d 397, 402, the court set out four principal reasons for requiring a favorable determination in the original action underlying a cause for malicious prosecution. One such reason is to show that no probable cause existed for bringing the former proceeding. The court in *Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 107, 261 N.E.2d 802, 813, explained the probable cause requirement as follows:

"Presuming that the party suing for malicious prosecution did not have judgment entered for him in the former proceeding, he cannot sustain his charge that the plaintiff in that proceed-

ing had no probable cause upon which to have instituted his lawsuit. He must show that that former proceeding terminated in his \*\*\* favor; of course, it does not follow that because he won at the former proceeding it was initiated without foundation, and that fact must still be proved."

In *Siegel* the court recognized that a dismissal of the plaintiff's complaint for failure to state a cause of action constituted an adjudication on the merits under Rule 273. However, the court maintained it was not an adjudication which legally terminated the cause as it relates to suits for malicious prosecution. The court stated:

"[T]he legal termination requirement necessitates a judgment which deals with the factual issue of the case, whether the judgment be rendered after a trial or upon motion for summary judgment. However, it is not sufficient to simply obtain a dismissal of the opponent's complaint, for such dismissal need bear no logical relationship to the legitimacy of the assertions contained therein; therefore, such dismissal lends no credence to the claim that the assertions [in the original complaint] were baseless." *Siegel*, 127 Ill. App. 2d at 108, 261 N.E.2d at 814.

Accord *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 401 N.E.2d 984.

The First District Appellate Court case of *Sutton v. Hofeld* (1983), 118 Ill. App. 3d 65, 454 N.E.2d 681, further refutes Rumer's argument the medical malpractice case was terminated in his favor for malicious prosecution purposes. In *Sutton* the plaintiff physician filed a complaint against defendant for malicious prosecution stemming from an earlier suit for medical malpractice filed by defendant. Plaintiff was dismissed with prejudice from the malpractice suit prior to trial. Plaintiff argued such a dismissal is proof that the cause was terminated in his favor. No factual issues were reached by the trial court and the record did not indicate the reason for plaintiff's dismissal from the malpractice suit.

Relying on *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 365 N.E.2d 1191, the court in *Sutton* held the designation " 'dismissal with prejudice' " standing alone does not establish a termination in plaintiff's favor. (*Sutton*, 118 Ill. App. 3d at 68, 454 N.E.2d at 683.) In *Kurek* the court held that to satisfy the favorable termination element there must be a judicial termination which deals with factual issues. Settlements, voluntary dismissals or even involuntary dismissals are not such terminations. *Kurek*, 50 Ill. App. 3d at 1038, 365 N.E.2d at 1194.

Although the trial court chose to do so, we do not find it necessary to characterize the dismissal of Zeigler's third-party complaint as

one for want of prosecution. (See *Bruer v. Livingston County Board of Zoning Appeals* (1978), 66 Ill. App. 3d 938, 383 N.E.2d 1016.) In light of the historical disfavor with malicious prosecution suits in Illinois (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 8 N.E.2d 668; *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 372 N.E.2d 685), we choose to strictly construe the elements of that tort. The case law clearly defines the section 2—622 requirements as purely technical in nature. We do not believe Zeigler's decision not to cure the pleading defect in its third-party complaint warrants an automatic inference the complaint lacked merit. Zeigler's decision may have reflected a strategic move if Zeigler believed its chances of defeating the main action against Vaught would have been better served without Rumer in the case. We hold that a dismissal with prejudice for failure to comply with the pleading requirements in section 2—622 alone, although technically an adjudication on the merits under Supreme Court Rule 273, does not satisfy the favorable termination requirement of an action for malicious prosecution.

■ This decision will not unduly burden a physician's ability to plead and prove a malicious prosecution action. In response to the medical malpractice crisis, the legislature amended the Code in 1985 and 1986 by adding sections 2—622 and 2—109, respectively. Section 2—109 eases the burden on physicians bringing an action for malicious prosecution by eliminating the need to plead special injury. However, it is significant the legislature did not alter the common law pleading requirements comprising the tort of malicious prosecution. A physician must still prove there was a factual termination of the underlying medical malpractice suit in his favor in order to proceed with his suit for malicious prosecution. It is apparent the legislature has already weighed the need for free and unfettered access to the courts against the policy of discouraging frivolous litigation and allowing physicians redress for unfounded lawsuits. We will not disturb the balance of interests.

The judgment of the circuit court of Douglas County is affirmed.

Affirmed.

GREEN, P.J., and LUND, J., concur.