**MAPOTHER AND MAPOTHER, P.S.C. and Southeastern Greyhound Employees Credit Union, Movants,**

v.

**Horace DOUGLAS, Sr., Respondent.**

**No. 87–SC–646–DG.**

Supreme Court of Kentucky.

May 19, 1988.

As Corrected May 20 and 23, 1988.

Robert G. Breetz, James G. Apple, John A. Bartlett, Stites & Harbison, William R.

Mapother, Philip C. Chance, Mapother & Mapother, Louisville, for movants.

Franklin S. Yudkin, Louisville, for respondent.

GANT, Justice.

This action grew out of a promissory note executed to Southeastern Greyhound Employees Credit Union, which note was co-signed by "Horace Douglas." However, the note was actually executed by Horace Douglas, *Jr.*, who lived with his parents, Horace J. Douglas, *Sr.* and Lula B. Douglas, at 2528 Burnett Street in Louisville. After judgment was obtained on the note, it was found that title to the Burnett Street property was held in the name of Horace J. Douglas and Lula B. Douglas (the parents), the word "Sr." not appearing in the deed anywhere. It is not disputed that the debtor did not use the word "Jr." or "Junior" in executing the note, nor was title to the Burnett Street property taken in the name of Horace J. Douglas, Sr. Movants Mapother and Mapother, attorneys for the Credit Union, levied execution upon the "right, title and interest of the defendant, Horace Douglas, a/k/a Horace J. Douglas" in said property.

Two days after the execution was levied, Sr. applied for a loan for the purpose of opening an automobile brake shop at a specific location and was informed a few days later that the execution had been levied against the property which he intended to use as collateral. Once the movants, Mapother and Mapother, were informed of the mistake, the lien was removed. The bank then informed respondent that his loan application was approved, but he rejected the loan because of his belief that the property upon which he desired to locate his business was no longer for sale. As a matter of fact, the owner of the property testified that it had never been for sale.

Respondent then filed suit against the movants, alleging causes of action for wrongful execution, negligence, defamation of credit, outrage, and slander of title. The trial court disposed of all the

causes of action by directed verdict or order with the exception of the claim of wrongful execution, which went to trial and resulted in a jury verdict for the movants. The Court of Appeals reversed and remanded the case to the lower court to reconsider the question of negligence on behalf of the parties.

We encounter two types of actions in malpractice suits against an attorney. One is an action involving a former client or clients of the attorney, which action entails the same elements as every negligence— viz., duty, breach of duty, causal connection between the conduct and the resulting injury, and actual loss or damage. *See* Prosser and Keeton, The Law of Torts, 163, 168 (5th ed. 1984).

■ This court and the Court of Appeals have held that the ordinary elements of negligence do not apply in cases involving suits by opposing litigants or non-parties against the attorney in that suit. *Rose v. Davis,* 288 Ky. 674, 157 S.W.2d 284 (1941); *Hill v. Wilmott,* Ky.App., 561 S.W.2d 331 (1978), and *Raine v. Drasin,* Ky., 621 S.W. 2d 895 (1981). Instead, in this type of action, the law is set out in Restatement (Second) of Torts, § 674–76 (1977). These sections are found under the general heading of Chapter 30, entitled "Wrongful Use of Civil Proceedings." We would note in passing that this is a more accurate categorization than "malicious prosecution" as utilized in *Hill v. Wilmott, supra,* and any reliance upon the dicta in that case where a civil action is involved is misplaced.

Those sections referred to in the Restatement read as follows:

§ 674. General Principle

One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if

(a) he acts without probable cause, and primarily for the purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and

(b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

§ 675. Existence of Probable Cause

One who takes an active part in the initiation, continuation or procurement of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either

(a) correctly or reasonably believes that under these facts the claim may be valid under the applicable law, or

(b) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information.

§ 676. Propriety of Purpose

To subject a person to liability for wrongful civil proceedings, the proceedings must have been initiated or continued primarily for a purpose other than that of securing the proper adjudication of the claim on which they are based.

■ In this case, the issue submitted to the jury was that of "wrongful execution," which, of course, corresponds to the Restatement category of "Wrongful Use of Civil Process." The respondent complains about the instructions which utilized the word "malice" as being a necessary element before judgment could be rendered against the movants. However, any error concerning these instructions was not preserved, as respondent did not in any way object to the instructions about the use of the malice requisite. *See* CR 51(3). The use of "malice" probably emanated from dicta in *Hill v. Wilmott, supra,* which referred to "malicious prosecution" rather than "wrongful use of civil process."

In the instant case, the correct legal issue was submitted to the jury which rendered a verdict in favor of the movants— both the Credit Union and the law firm.

We affirm the Court of Appeals on those parts of the opinion which affirmed the Jefferson Circuit Court, but reverse that portion which was remanded for examination of the negligence aspect of the case.

The judgment of the Jefferson Circuit Court is affirmed in all respects.

All concur.