**Ernest ALCORN, Appellant,**

v.

**Teddy B. GORDON and James P. Dilbeck, Appellees.**

**No. 87–CA–556–MR.**

Court of Appeals of Kentucky.

Sept. 2, 1988.

Discretionary Review Denied
by Supreme Court
Feb. 1, 1989.

William T. Warner, Louisville, for appellant.

Edward H. Stopher, Raymond G. Smith, Louisville, for appellees.

Before COOPER, DYCHE and HOWARD, JJ.

HOWARD, Judge.

The appellant in this case appeals from a summary judgment issued by the Jefferson Circuit Court dismissing the appellant's complaint which alleged malicious prosecution.

On May 15, 1981, David Lee Nash was arrested by the appellant, Ernest Alcorn, and other officers of the Jefferson County Police Department. Several charges were lodged against Nash, but eventually he was fined $25 for disorderly conduct and $10 for resisting arrest.

During the arrest, Nash was beaten by Alcorn and other officers. Nash was hospitalized and had reconstructive surgery on his right eye. On February 24, 1983, a complaint was filed in the United States District Court on Nash's behalf against *inter alia* Alcorn and the Jefferson County Police Department alleging various violations of Nash's constitutional rights pursuant to 42 U.S.C. § 1983.[1] Nash was represented by the appellees, Teddy B. Gordon and James P. Dilbeck.

A short time after Nash's federal action was instituted, Alcorn and the other defendants filed a motion to dismiss on the grounds the complaint was barred by the one-year statute of limitations contained in KRS 413.140(1)(a) and (c). The appellees responded that the applicable statute of limitations was five years, pursuant to KRS 413.120(2). On June 1, 1983, the district court found the one-year statute of limitations was applicable and dismissed Nash's complaint for failure to state a claim.

On May 30, 1984, Alcorn filed an action in Jefferson Circuit Court against Nash and the appellees seeking damages for malicious prosecution. On December 30, 1985, Alcorn filed an amended complaint charging that the appellees failed to use "that degree of care which ordinarily careful, skilful and prudent attorneys know and exercise under like or similar circumstances" in that the suit was instituted without probable cause.

On January 8, 1987, the appellees, who had separate counsel from Nash, filed a motion for summary judgment. The appellees first argued that the dismissal of the federal complaint was due to the statute of limitations and thus did not constitute a favorable decision bearing on the merits. Because such a favorable decision is a necessary element of malicious prosecution, the appellees asserted that Alcorn could not maintain such an action.

In addition, the appellees pointed out that it was not until *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), decided two years after the complaint was filed, that it was settled that the statute of limitations for personal injuries, which in the case at bar is one year, was applicable to all civil rights actions. Thus,

1. Nash was incarcerated in LaGrange Reformatory on another charge at the time the complaint was filed.

the appellees argued that they had probable cause to contend the five-year statute applied.

On January 30, 1987, the trial court granted the appellees' motion for summary judgment. The trial court listed two reasons for granting the motion. First, Alcorn had failed to file a response to the appellees' motion within 10 days as required by Jefferson Circuit Court Rule 206A. (The pertinent local rule now is 401A). Second, Alcorn would not be able to prove all of the elements of malicious prosecution, specifically favorable termination of the action on the merits in Alcorn's favor and lack of probable cause in the first action regarding the statute of limitations.

Alcorn filed a motion to vacate and set aside the order of January 30, 1987, because of an agreement between the parties' counsel for extension of time to respond. The other two grounds for the trial court's order were not addressed.

On February 17, 1987, the trial court issued an order denying Alcorn's motion to vacate. The trial court stated that the agreement between counsel was not sufficient under the local rules to obtain an extension of time to respond. Moreover, the trial court emphasized that, without regard to issue of extension, the merits of the case were sufficient to warrant the summary judgment in favor of the appellees. The trial court noted that summary judgment applied only to the appellees and not to Nash.

Alcorn appeals from the order of January 30, 1987.

The following elements must be shown to establish a claim of malicious prosecution:

(1) The institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the

suffering of damage as a result of the proceeding.

*Raine v. Drasin,* Ky., 621 S.W.2d 895, 899 (1981).

In the recent case of *Mapother and Mapother, P.S.C. v. Douglas,* Ky., 750 S.W.2d 430 (1988), the Court stated that actions against attorneys under these or similar circumstances in civil cases should more accurately be termed the "wrongful use of civil proceedings" as discussed in *Restatement (Second) of Torts* §§ 674–676 rather than "malicious prosecution." While the two causes of action differ somewhat in their respective elements, favorable termination and lack or want of probable cause must be proven in both instances. Thus, the decision in *Douglas, supra,* would not affect our holding in the instant case.

█ The first issue we will address is whether or not the dismissal in federal court was a termination of the proceedings in Alcorn's favor.

The original action in *Raine, supra,* was an unsuccessful malpractice case brought against two doctors. The doctors filed a malicious prosecution action against the attorneys who had brought the original suit. Shortly after the malpractice case was filed, an "agreed order of dismissal" was issued which dismissed the complaint against the doctors. The order discussed no compromise or settlement agreement.

The Court stated in *Raine, supra,* at 900, that "[i]n Kentucky, no particular form of termination in civil cases has been required." The Court concluded that in effect "the dismissal declared ... that there was no malpractice on the part of the defendants [the doctors]." *Id.* Accordingly, the dismissal was held to be a termination in favor of the doctors.

Alcorn focuses on the language in *Raine, supra,* that "no particular form of termination" has been required to constitute a favorable termination. He analogizes the dismissal in the case at bar to the dismissal in *Raine, supra,* and argues that the proceedings were terminated in his favor. We disagree.

In Comment a to § 660 of *Restatement (Second) of Torts,* it is stated that "[p]ro-

ceedings are 'terminated in favor of the accused' as that phrase is used in § 653 and throughout this Topic, only when their final disposition is such as to indicate the innocence of the accused." Obviously, this statement refers to a criminal proceeding. In a civil context, the phrase "the absence of guilt or fault" could be substituted for "innocence" and the meaning would be retained.

In *Raine, supra,* the dismissal of the complaint was clearly the result of an agreement between the parties and no settlement or admission of fault was made. Thus, the Court concluded that the dismissal indicated no fault on the part of the doctors. But the dismissal of Nash's complaint in federal court was solely on the grounds that the suit was barred by the statute of limitations. There is no indication in the federal dismissal order as to a finding of fault or the lack of it.

In *Lackner v. LaCroix,* 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393 (1979), a medical malpractice action was instituted against Lackner and others. The suit was dismissed because it was not filed within the applicable limitations period. Lackner brought a malicious prosecution action and the defendants moved for summary judgment on the grounds the first action was not terminated in Lackner's favor.

The Court in *Lackner, supra,* 159 Cal. Rptr. at 695, 602 P.2d at 395, stated as follows:

It is apparent 'favorable' termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.

The Court in *Lackner, supra,* discussed the implications that could be drawn as to innocence of a party from various forms of dismissal. Regarding statutes of limita-

tion, the Court stated that the purpose of these statutes is to prevent the bringing of claims when, due to the passage of time, evidence is lost, memories have faded and witnesses are unavailable. Thus, at some point, the right of a defendant to be free from stale claims, even if meritorious, prevails over the right to prosecute them. *See Armstrong v. Logsdon,* Ky., 469 S.W.2d 342 (1971). It was concluded that dismissal due to a statute of limitations is "in no way dependent on nor reflective of the merits ... in the underlying action." *Lackner, supra.*

Reasons of public policy were also given in *Lackner, supra,* for refusing to allow a malicious prosecution action to proceed when based on an action dismissed due to a statute limitations. A plaintiff in a malicious prosecution suit must show a lack or want of probable cause. If the reason behind statutes of limitations is to prevent the bringing of stale claims, would not the attempt to show a lack or want of probable cause necessarily involve consideration of these same stale issues? The court reasoned that it would be unjust for a plaintiff to be relieved from defending an earlier action because it was brought after the limitations period expired and then allow the plaintiff to use that termination as a basis for a malicious prosecution action when the plaintiff's alleged misconduct was never addressed in the prior suit.

The view that a dismissal of a suit for technical or procedural reasons that do not reflect on the merits of the case is not a favorable termination of the action has been employed in other jurisdictions. *Frey v. Stoneman,* 150 Ariz. 106, 722 P.2d 274 (1986); *Rumer v. Zeigler Coal Company,* 168 Ill.App.3d 568, 119 Ill.Dec. 168, 522 N.E.2d 830 (1988); *Union Oil of California, Amsco Division v. Watson,* 468 So.2d 349 (Fla.App.1985). This rule, specifically in regard to a dismissal on the grounds of a statute of limitations as discussed in *Lackner, supra,* is sound. Therefore, the dismissal of Nash's claim against Alcorn due to the statute of limitations is not a termination of the proceedings in Alcorn's favor.

■ Alcorn also contends that the appellees did not have probable cause to bring the federal claim against him.

Alcorn argues that there was no dispute within the Sixth Circuit that the one-year statute of limitations applied to Nash's complaint. Consequently, he asserts that the appellees must have known their suit was barred by the statute of limitations and, thus, had no probable cause to bring the suit. Further, even assuming that there was a dispute as to the applicable limitations period, Alcorn maintains that the appellees should have employed the shorter period.

Because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the rule developed that the federal courts would adopt "the most analogous" or "the most appropriate" state statute to apply to a § 1983 claim. *Wilson, supra,* 471 U.S. at 268, 105 S.Ct. at 1942, 85 L.Ed.2d at 261. However, the various federal courts of appeals use widely varying methods of characterizing a § 1983 action and employed different factors to determine whether a particular state statute of limitations applied to a particular state claim resulting in decisions which were often conflicting and confusing. *Wilson, supra.*

This conflict and uncertainty led to the grant of certiorari in *Wilson, supra.* The Court in that case held that § 1983 actions were best characterized as personal injury actions and, thus, the statute of limitations concerning personal injury actions applied to such actions.

In cases involving employment rights or employment discrimination, the Sixth Circuit has applied the five-year statute of limitations contained in KRS 413.120(2) for actions "upon a liability created by statute" in § 1983 actions. *Garner v. Stephens,* 460 F.2d 1144 (6th Cir.1972). But, where malicious prosecution and false arrest were alleged in a § 1983 action, the Sixth Circuit applied the one-year statute of limitations for personal injuries contained KRS 413.-140(1)(c) for actions "for malicious prosecution, conspiracy, false arrest, seduction, and criminal conversation or breach of promise of marriage." *Carmicle v. Weddle,* 555 F.2d 554 (6th Cir.1977).

The Court in *Garner, supra,* discussed personal injuries and the proper statute of limitations, but any comments in that regard can only be considered *dicta.* While *Carmicle, supra,* may be somewhat analogous to the instant case in that both circumstances involve an injury to one's person, *Carmicle, supra,* is not controlling here. *Carmicle, supra,* did not involve a claim like Nash's for essentially assault and battery and unreasonable search. Given the dispute between the federal circuits, and lack of any clear precedent from the Sixth Circuit, the appellees were within reasonable bounds in filing the complaint on Nash's behalf. We see no merit in Alcorn's argument that the appellees did not act in a professionally responsible manner by asserting the longer statute of limitations. Thus, we agree with the trial court that the appellees had probable cause to institute the federal action.

Because we have held that the merits of the instant case warranted the trial court's grant of summary judgment, it is unnecessary for us to address the issue concerning Alcorn's failure to comply with local rules of the Jefferson Circuit Court.

The judgment is AFFIRMED.

All concur.