RICHARD L. ERLICH, Plaintiff-Appellant, v. MELYNDA LOPIN-ERLICH *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—1500

Opinion filed March 9, 1990.

Braun & Rivkin, Ltd., of Chicago (Lee M. Weisz, of counsel), for appellant.

Joseph & Myers, of Chicago (Jack Joseph and Michael P. Myers, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Richard L. Erlich, the husband in a marriage dissolution proceeding, sued defendants Melynda Lopin-Erlich, his wife, and her attorneys, the defendant law firm Barsy, Joseph & Lichtenstein, and its individual attorneys, Herbert Barsy, Burton Joseph, Edward S. Lichtenstein, and Karen Plant, alleging abuse of process when they sought and received an *ex parte* temporary restraining order (TRO) blocking plaintiff from disposing of marital assets. The trial court dismissed the action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) for failure to state a cause of action. Plaintiff appeals.

The complaint alleges that on February 22, 1989, defendants sought the TRO to restrain plaintiff from concealing or disposing of numerous marital assets. The wife's affidavit stated that her husband, "upon learning of the filing of this action has immediately attempted to redeem a certificate of deposit at the South Chicago Savings Bank, which evidences his intentions to further deprive the petitioner of her interest." At the *ex parte* hearing, defendants made certain representations to the court:

"This morning, your Honor, my office received a call from a Mr. Mike M-a-t-t-e-r-n, of South Chicago Savings Bank, which is an officer of the one of the banks listed had as additional respondent [*sic*]. Mr. Mattern informed us Mr. Erlich was at the bank at that moment attempting to withdraw various certificates of deposit. Based on that information as well as calls from Mrs. Erlich, our client, we believe as we allege in our Petition for a Temporary Restraining Order, unless such an order is granted today, that Mr. Erlich will continue for the rest of the day and may, for all we know, be continuing for the rest of the day in his quest to transfer various assets that are the sub-

ject of the Petition for the Dissolution."

The complaint alleged further that those representations were false in that the bank in question was not open on that day, and that Mr. Mattern was not and had never been an officer of that bank. The complaint alleged that the TRO was sought "not for the purpose of preserving marital property, but, rather, for the ulterior purpose of wreaking havoc with the plaintiff's ordinary business affairs and damaging the plaintiff's reputation for financial integrity." Finally, the complaint alleges that defendants "subsequently admitted that there existed no basis in law or fact for the" TRO because they agreed to an order dissolving the TRO on March 2, 1989.

A motion pursuant to section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) admits well-pleaded facts, but does not admit conclusions or conclusory allegations. (*South Chicago Savings Bank v. South Chicago Savings Bank* (1988), 178 Ill. App. 3d 545, 533 N.E.2d 480.) A cause of action for abuse of process requires sufficient pleading of two elements. Plaintiff must allege an ulterior purpose *and* an act in the use of legal process not proper in the regular prosecution of the proceedings. (*Sutton v. Hofeld* (1983), 118 Ill. App. 3d 65, 454 N.E.2d 681; *Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 181 N.E.2d 601.) Moreover, actions for abuse of process are not favored. See *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367.

In a marriage dissolution proceeding, it is proper to prevent one spouse from secreting or disposing of marital assets. The use of the process, *i.e.*, obtaining a TRO, is not extraneous to the purpose of the proceeding and was the proper subject of a TRO. Thus, the seeking and obtaining of a TRO was done in the regular prosecution of the proceeding. The fact that the representations made to the court were allegedly false does not alter our holding. (See *Olsen v. Karwoski* (1979), 68 Ill. App. 3d 1031, 1038-39, 386 N.E.2d 444, 451 (court found no abuse of process action where plaintiff alleged certain psychiatrists filed false affidavits to expedite plaintiff's involuntary commitment to a mental hospital).) The trial court properly dismissed the complaint for abuse of process.

Plaintiff's reliance on *Executive Commercial Services, Inc. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 393 N.E.2d 1365, is misplaced. Plaintiff there successfully pleaded abuse of process where defendant had used a writ of *ne exeat, i.e.*, having her arrested, in order to extract money from the codefendants. Most notably, plaintiff was not involved in the lawsuit between the defendants and was arrested only as a means of forcing the codefendants into a position favorable to

the defendant, who sought the writ of *ne exeat*.

■ Defendants' request for the imposition of fees for the filing of a frivolous appeal under Supreme Court Rule 375(b) (107 Ill. 2d R. 375(b)) is denied. Defendants offer the contradictory argument that plaintiff has been overly zealous in filing this appeal, while defendants were merely being zealous in representing the wife in the dissolution of marriage proceeding.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's cause of action is affirmed.

Judgment affirmed.

LaPORTA, P.J., and RAKOWSKI, J., concur.