RENDERED: OCTOBER 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0787-MR

JEROME C. STYKES, A/K/A JERRY
STYKES                                                                    APPELLANT


APPEAL FROM PULASKI CIRCUIT COURT
v.        HONORABLE EDDY MONTGOMERY, JUDGE
ACTION NO. 22-CI-00706


NEAL A. HANEY                                                              APPELLEE


OPINION AND ORDER
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, ECKERLE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Jerome C. Stykes, is a certified public accountant.

He will be referred to as (CPA). Appellee is Neal A. Haney. Haney is CPA's

*former* client. For purposes of the present appeal, however, we will simply refer to

him as (Client). Client filed a claim for, *inter alia*, professional negligence against

CPA in 2016, in Pulaski Circuit Court. That action was dismissed as time-barred

in 2017.

As a result, CPA filed the underlying action in 2022, also in Pulaski Circuit Court. He complained that Client committed "abuse process" and "malicious prosecution or the wrongful use of civil proceedings." The circuit court granted summary judgment. CPA appeals to this court as a matter of right. For the following reasons, we affirm.[1]

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted). In its order granting summary judgment, the circuit court referenced the following facts:

> [CPA] alleged that the [Client] abused the process and wrongfully used civil proceedings when he filed a claim for malpractice and testified about it in a trial before the Pulaski Circuit Court.
>
> After reviewing the record, it appears that both causes of action complained of by [CPA] occurred in the course of litigation. The [Client] did nothing more than carry out the process to its authorized conclusion . . . ." *Simpson v. Laytart*, 962 S.W.2d 392, 394-95 (Ky. 1998). For that reason, the claim for abuse of process is dismissed.

---

[1] Before we address the merits of the present case, we must first dispense with CPA's pending motion for leave to file a corrected Appellant brief pursuant to Kentucky Rule of Appellate Procedure (RAP) 32(A)(4). That motion was passed to the merits panel by order entered on March 6, 2025. Client does not challenge the pending motion. Appellant's motion is hereby GRANTED. The tendered corrected brief will be considered in our present decision.

> The Court recognizes the differences between the causes of action. The wrongful use of proceedings claim was based upon the same facts as the abuse of process. The Court notes that [Client's] malpractice claim was dismissed for a violation of the statute of limitation which is not a favorable outcome as needed for a wrongful use of civil litigation claim *Alcorn v. Gordon*, 762 S.W.2d 809 (Ky. App. 1988).

The elements of malicious prosecution, wrongful use of civil proceedings, and abuse of process are stated, respectively, in *Martin v. O'Daniel*, 507 S.W.3d 1, 8 (Ky. 2016), *as corrected* (Sep. 22, 2016); *Seiller Waterman, LLC v. RLB Props.*, *Ltd.*, 610 S.W.3d 188, 197 (Ky. 2020);[2] and *Garcia v. Whitaker*, 400 S.W.3d 270, 276 (Ky. 2013).

It is undisputed that the wrongful use of the civil proceedings claim was based upon the same general facts as the abuse of process claim. It is also undisputed the professional negligence claims from which the present case arose were dismissed as untimely. Therefore, there was no favorable determination on the merits as is required for successful malicious prosecution and wrongful use of civil proceedings claims. *Alcorn*, 762 S.W.2d at 810-12. *See also Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 605 (Ky. App. 2006) (citing case law recognizing that "dismissal of a suit for technical or procedural reasons that do

---

[2] Distinguishing "malicious prosecution claims based on prior criminal proceedings from the more appropriately named tort of 'wrongful use of civil proceedings' invoked where the prior proceedings were solely civil." *Id.* (citation omitted).

not reflect on the merits of the case is not a favorable termination of the action").[3] Furthermore, "[t]o subject a person to liability for wrongful civil proceedings, the proceedings must have been initiated or continued primarily for a purpose other than that of securing the proper adjudication of the claim on which they are based." *Seiller Waterman, LLC*, 610 S.W.3d at 197 (quoting *Mapother & Mapother, P.S.C. v. Douglas*, 750 S.W.2d 430, 431 (Ky. 1988)). CPA offers no evidence on this issue that would compel reversal here. *See also id*. at 196 (observing that the remedy in wrongful use of civil procedure claims is not favored, and that the requirements of such claims are strictly construed against the plaintiff) (citation omitted).

As to abuse of process, CPA cannot satisfy the standard in *Simpson* requiring "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process is required and there is no liability where the defendant has done nothing more than carry out the process to

---

[3] CPA cites *Raine v. Drasin*, for the proposition that "[i]n Kentucky, no particular form of termination in civil actions has been required." 621 S.W.2d 895, 900 (Ky. 1981), *abrogated by Martin v. O'Daniel*, 507 S.W.3d 1 (Ky. 2016). *Raine* involved a medical malpractice claim that was dismissed by an agreed order, with prejudice. The Supreme Court of Kentucky held that "with respect to the doctors, we agree with the Court of Appeals that the order constituted a favorable termination so as to support this action." *Id*. at 900. And although *Raine* has been abrogated by *Martin*, a voluntary order of dismissal appears to continue to satisfy the favorable termination requirement. *D'Angelo v. Mussler*, 290 S.W.3d 75 (Ky. App. 2009). In the present case, however, it is undisputed that the underlying professional negligence claim was dismissed as untimely. *See* 8 AMERICAN LAW OF TORTS § 28:24 ("[T]he running of the statute of limitations against an earlier unsuccessful action does not constitute a favorable termination . . . .").

its authorized conclusion even though with bad intentions.  W. Prosser, *Handbook of the Law of Torts*, Section 121 (4th ed.1971)."  *Simpson*, 962 S.W.2d at 394-95.  Stated differently, there is no genuine dispute of material fact requiring reversal here.  Therefore, we AFFIRM.

ALL CONCUR.

ENTERED: _October 17, 2025_

JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Winter R. Huff
Somerset, Kentucky

BRIEF FOR APPELLEE:

Bryan K. Sergent
Manchester, Kentucky